IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN 20 P 1: 21

CLERK _L. Fal Victor_
SO. DIST. OF GA.

DELANO A. MIDDLETON,              )
                                 )
          Petitioner,            )       CIVIL ACTION NO. CV205-064
                                 )
     v.                          )
                                 )
UNITED STATES OF AMERICA,        )       (Case No.: CR298-20)
                                 )
          Respondent.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Delano Middleton ("Middleton"), an inmate currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255. Respondent filed a Motion to Dismiss, and Brown filed a Traverse. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Middleton pleaded guilty in this Court to one count of armed carjacking, in violation of 18 U.S.C.A. § 2119, on August 18, 1998. On November 23, 1998, Middleton was sentence to 121 months' imprisonment, three years' supervised release, $4,733.23 to pay as restitution, and a $100.00 special assessment. Middleton filed a direct appeal, and the Eleventh Circuit affirmed his conviction and sentence on June 7, 2000. United States v. Middleton, 220 F.3d 589 (11th Cir. 2000) (Table).

In his instant motion, which was filed in this Court on March 21, 2005, Middleton asserts that he is entitled to have his sentence modified in light of the Supreme Court's

decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and <u>Booker v. United States</u>, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).[1] Middleton contends that his sentence was improperly enhanced beyond the statutory maximum based upon facts he did not admit to and which were not found beyond a reasonable doubt by a jury. Middleton alleges that he should have received 46 months' imprisonment rather than the 121 months' imprisonment he received.

Respondent avers that Middleton's motion is untimely because he did not file it within one year of his conviction becoming final. Respondent also avers that <u>Blakely</u> and <u>Booker</u> do not apply retroactively to cases on collateral review, and, as a result, Middleton is not entitled to use section 2255's "rewind provision."[2]

## DISCUSSION AND CITATION TO AUTHORITY

Middleton alleges that he is entitled to be resentenced pursuant to section 2255, ¶ 6(3), which allows the applicable statute of limitations period to begin on the date a "newly recognized" right is first announced, not when it is declared to be retroactively applicable. (Mem., p. 5.) Middleton, in support of this position, cites to <u>Dodd v. United States</u>, 365 F.3d 1273 (11th Cir. 2004). Middleton contends that the <u>Blakely</u> decision is a clarification of the <u>Apprendi</u> decision and that <u>Blakely</u> and <u>Booker</u> are retroactively applicable to his case. Middleton also contends that these three cases are exempt from the retroactivity bar set forth in <u>Teague v. Lane</u>, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989).

---

[1] Middleton also asserts that he is entitled to his requested relief based on <u>United States v. Siegelbaum</u>, 359 F. Supp.2d 1104 (D. Or. 2005). The Court notes the potentially persuasive value of this case but declines to address it.

[2] The "rewind provision" Respondent refers to is 28 U.S.C.A. § 2255, ¶6(3).

2

28 U.S.C.A. § 2255 provides, in pertinent part, that a prisoner must file his federal habeas petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court <u>and</u> made retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255, ¶6(3) (Emphasis added). Within the meaning of § 2255, ¶6(3), once the Supreme Court has rendered a decision which creates a newly recognized right, any court "other than the Supreme Court can make the retroactivity decision for purposes of" this Code section. <u>Dodd</u>, 365 F.3d at 1278. The statute of limitation period begins to elapse for purposes of this Code section from the date the Supreme Court initially recognizes a new right. However, "§ 2255[,¶6](3) provides a narrow exception which can be relied upon *only* when the new right recognized by the Supreme Court can be retroactively applied on collateral review." <u>Id.</u> at 1279 (Emphasis supplied).

The Supreme Court has found that, when one of its decisions announces a new rule, "the rule applies only in limited circumstances" in cases of "convictions that are already final." <u>Schriro v. Summerlin</u>, ___ U.S. ___, 124 S. Ct. 2519, 2522, 159 L. Ed.2d 442 (2004). The Supreme Court distinguished between new substantive rules, which generally apply retroactively, and new procedural rules, which generally do not apply retroactively. <u>Id.</u> at 2522-23. The Court noted that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons the law punishes . . . . In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." <u>Id.</u> at 2523 (Emphasis in original). New procedural rules are given "retroactive effect" if they represent the "small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Id.</u> (citing

3

_Teague_, 489 U.S. at 311, 109 S. Ct. at 1076).  Using this framework, the Court concluded that the holding in _Ring v. Arizona_[3], 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002), was "properly classified as procedural" because the "holding did not alter the range of conduct Arizona law subjected to the death penalty." _Id._  The _Schriro_ Court noted that _Ring_'s holding could not have altered the range of conduct because "it rested entirely on the Sixth Amendment's jury-trial guarantee, a provision that has nothing to do with the range of conduct a State may criminalize.  Instead, _Ring_ altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." _Id._  The Court concluded that while _Ring_ "announced a new procedural rule", it "does not apply retroactively to cases already final on direct review." _Id._ at 2526.

_Apprendi_, _Blakely_, and _Booker_ stand for the proposition that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the _prescribed statutory maximum_ must be submitted to the jury and proved beyond a reasonable doubt." _See_ generally, _Apprendi_, 530 U.S. at 490, 120 S. Ct. at 2362-63 (Emphasis added).  Much like the Supreme Court's holding in _Ring_, the Court's holdings in _Apprendi_, _Blakely_, and _Booker_ are procedural rules which did not alter the range of conduct which subjects a defendant to punishment.  These cases merely do not allow a judge to enhance a defendant's sentence beyond the statutory maximum based on facts a jury has not found to be proven beyond a reasonable doubt.  Assuming without deciding that these three cases present a new rule, the Eleventh Circuit Court of Appeals has determined that

---

[3] The question before the Supreme Court in _Schriro_ was whether the _Ring_ decision applies retroactively to cases already final on direct review.  _Schriro_, ___ U.S. at ___, 124 S. Ct. at 2521.

4

Apprendi, Blakely, and Booker do not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). This Court declines to find otherwise, and the statute of limitation period found in § 2255, ¶6(3) is not triggered in the case *sub judice.* See Dodd, 365 F.3d at 1278 (noting that any court can make the retroactivity decision for purposes of § 2255, ¶6(3)). Instead, the applicable statute of limitations began to run on the date Middleton's conviction became "final" within the meaning of the AEDPA.

As stated above, Middleton was sentenced in this Court on November 23, 1998. Middleton filed an appeal with the Eleventh Circuit, and that court affirmed his conviction and sentence on June 7, 2000. Middleton had 90 days to file a petition for certiorari with the United States Supreme Court, see S. Ct. R. 13(1), which he failed to do. Thus, Brown's conviction became "final" on September 5, 2000. Middleton then had one year to file a timely section 2255 motion in this Court, or until September 5, 2001. See 28 U.S.C.A. § 2255, ¶ 6(1). Middleton filed the instant section 2255 motion on March 21, 2005, nearly three and a half years after the applicable statute of limitations expired. Middleton's motion is untimely under section 2255.

Additionally, Middleton was sentenced in this Court to 121 months' imprisonment after he pleaded guilty to violating 18 U.S.C.A. § 2119. According to this statute:

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall be fined under this title or imprisoned not more than 15 years, or both.

18 U.S.C.A. § 2119(1). By the very terms of the statute Middleton was convicted of violating, he could have faced a sentence of 15 years, the prescribed statutory maximum

sentence. Instead, Middleton received a sentence of 121 months' imprisonment, which is nearly three years less than he could have received under § 2119(1). Because Middleton was not sentenced beyond the statutory maximum, <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> are inapplicable to Middleton's contentions.

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 3) be **GRANTED** and that Middleton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 (Doc. No. 1) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _28th_ day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

6

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

MIDDLETON

_____ )

vs                                                    )          CASE NUMBER  CV205-64 _____

USA                                                                    )          DIVISION          **BRUNSWICK** _____

_____ )

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this
district, while conducting the business of the Court for said division, does hereby certify the
following:

    1.    Pursuant to the instructions from the Court and in the performance of my official
duties, I personally placed in the United States Mail a sealed envelope, and properly
addressed to each of the persons, parties or attorneys named below; and

    2.    That the aforementioned enveloped contained a copy of the document dated
6/20/05 _____, which is part of the official record of this case.

Date of Mailing:    6/20/05 _____

Date of Certificate    **☒** same date,    or  _____

        Scott L. Poff,  Clerk

        By:  _____

        Sherry Taylor, Deputy Clerk

<u>Name and Address</u>

Amy Lee Copeland
Delano Middleton, 09795-021, FCI Estill, 610 East Railroad Ave, Hwy 321 S, Estill, SC 29918

    ☐  Copy placed in Minutes

    ☐  Copy given to Judge

    **☒**  Copy given to Magistrate